IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| UNITED STATES OF AMERICA, | CR 11-11-GF-BMM-01 |
|---|---|
| Plaintiff, | |
| vs. | **FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| NATHAN CHARLES STANLEY, | |
| Defendant. | |

## I.  Synopsis

The United States accused Mr. Stanley of violating his conditions of supervised release by submitting a urinalysis that tested positive for methamphetamine and failing to reside at a Residential Reentry Center. He admitted to the violations. Mr. Stanley's supervised release should be revoked. He should be sentenced to five months of custody and twenty-eight months of supervised release. The Court recommends that the Bureau of Prisons place Mr. Stanley in the Federal Correctional Institution in Phoenix, AZ.

## II.  Status

In May 2011, Mr. Stanley pleaded guilty to three counts of Assault Resulting in Serious Bodily Injury and one count of Involuntary Manslaughter.

1

(Doc. 28.) United States District Court Judge Sam E. Haddon sentenced Mr. Stanley to 71 months of custody on each count, to run concurrently, and 36 months of supervised release on each count, to run concurrently. (Doc. 34.) Mr. Stanley's term of supervised release began on April 14, 2016. (Doc. 44.)

On May 18, 2016, the United States Probation Office filed a Report on Offender under Supervision, notifying the Court that Mr. Stanley used Klonopin, methamphetamine, and oxycodone and failed to report for substance abuse testing. (Doc. 42.)

On July 5, 2016, the Court revoked Mr. Stanley's supervised release because he submitted a urine sample that tested positive for methamphetamine and opiates, operated a motor vehicle without authorization, and failed to submit monthly supervision reports. The Court sentenced Mr. Stanley to three months in custody, with thirty-three months of supervised release to follow. Mr. Stanley's current term of supervised release began on September 15, 2016.

**Petition**

On October 31, 2016, the United States Probation Office filed a petition asking the Court to revoke Mr. Stanley's supervised release. (Doc. 55.) The Probation Office accused Mr. Stanley of violating the conditions of his supervised release by submitting a urinalysis that tested positive for methamphetamine and

2

failing to reside at a Residential Reentry Center. Based on the petition, Judge Morris issued a warrant for Mr. Stanley's arrest. (Doc. 56.)

**Initial appearance**

On November 3, 2016, Mr. Stanley appeared before the undersigned in Great Falls, Montana, for an initial appearance. Federal Evangelo Arvanetes accompanied him at the initial appearance. Assistant United States Attorney Jessica Betley represented the United States.

Mr. Stanley said he had read the petition and understood the allegations. Mr. Stanley waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned. The hearing commenced.

**Revocation hearing**

Mr. Stanley admitted that he violated the conditions of his supervised release as alleged in the petition. The violations are serious and warrant revocation of Mr. Stanley's supervised release.

Mr. Stanley's violation grade is Grade C, and his criminal history category is III. Count I is a Class D felony, and the other underlying offenses are Class C felonies. He could be incarcerated for up to 24 months on each count and ordered to remain on supervised release for 36 months on each count, less any custody time imposed. The United States Sentencing Guidelines call for five to 11 months in

custody.

Mr. Arvanetes requested a sentence below the guideline range with continued supervision and a condition that Mr. Stanley attend treatment. Ms. Betley argued for a sentence in the middle of the guideline range. Mr. Stanley requested that he be placed in the Federal Correctional Institution in Phoenix, Arizona for any period of custody the Court imposes.

### III.  Analysis

Mr. Stanley's supervised release should be revoked because he admitted violating its conditions.  Based on the parties' arguments and the recommendation of the Probation Office, Mr. Stanley should be sentenced to five months of custody and twenty-eight months of supervised release.  This sentence would be sufficient given the serious violation of the Court's trust, but it would not be greater than necessary.  Mr. Stanley should be placed in the Federal Correctional Institution in Phoenix, Arizona if possible.

### IV.  Conclusion

Mr. Stanley was advised that the above sentence would be recommended to Judge Morris.  The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance.  The undersigned explained that Judge Morris would consider Mr. Stanley's objection, if it is filed within the

allotted time, before making a final determination on whether to revoke Mr. Stanley's supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

Mr. Stanley violated the conditions of his supervised release by submitting a urinalysis that tested positive for methamphetamine and failing to reside at a Residential Reentry Center

The undersigned **RECOMMENDS:**

The District Court should enter the attached Judgment, revoking Mr. Stanley's supervised release and committing Mr. Stanley to the custody of the United States Bureau of Prisons for five months on all counts to run concurrently. He should be sentenced to twenty-eight months of supervised release on each count, to run concurrently. He should serve his sentence in the Federal Correctional Institution in Phoenix, Arizona if possible.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written

objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

Dated the 9th day of November 2016.

John Johnston
United States Magistrate Judge