IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>NATHAN CHARLES STANLEY,<br><br>Defendant. | CR 11-11-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Nathan Charles Stanley (Stanley) has been accused of violating the conditions of his supervised release. Stanley admitted all of the alleged violations, except alleged violation 4. The Court dismissed alleged violation 4 on the government's motion. Stanley's supervised release should be revoked. Stanley should be placed in custody for 8 months, with no supervised release to follow.

## II. Status

Stanley pleaded guilty to Assault Resulting in Serious Bodily Injury on May 23, 2011. (Doc. 27). The Court sentenced Stanley to 71 months of custody, followed by 3 years of supervised release. (Doc. 34). Stanley's current term of

supervised release began on January 23, 2020. (Doc. 100 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on July 27, 2020, requesting that the Court revoke Stanley's supervised release. (Doc. 100). The Amended Petition alleged that Stanley had violated the conditions of his supervised release: 1) by consuming alcohol on four separate occasions; 2) by committing another crime; 3) by failing to report for substance abuse testing; 4) by failing to report for mental health treatment; 5) by failing to report for substance abuse treatment; and 6) by failing to make restitution payments as directed.

**Initial appearance**

Stanley appeared before the undersigned for his initial appearance on August 4, 2020. Stanley was represented by counsel. Stanley stated that he had read the petition and that he understood the allegations. Stanley waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on August 4, 2020. Stanley admitted that he had violated the conditions of his supervised release: 1) by

2

consuming alcohol on four separate occasions; 2) by failing to report for substance abuse testing; 3) by failing to report for mental health treatment; 4) by failing to report for substance abuse treatment; and 5) by failing to make restitution payments as directed. The Court dismissed alleged violation 4 on the government's motion. The violations that Stanley admitted are serious and warrant revocation of Stanley's supervised release.

Stanley's violations are Grade C violations. Stanley's criminal history category is III. Stanley's underlying offenses are Class B and Class C felonies. Stanley could be incarcerated for up to 24 months. Stanley could be ordered to remain on supervised release for up to 13 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III. Analysis

Stanley's supervised release should be revoked. Stanley should be incarcerated for 8 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Stanley that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Stanley of

3

his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Stanley that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Nathan Charles Stanley violated the conditions of his supervised release: by consuming alcohol on four separate occasions; by failing to report for substance abuse testing; by failing to report for mental health treatment; by failing to report for substance abuse treatment; and by failing to make restitution payments as directed.

The Court **RECOMMENDS:**

> That the District Court revoke Stanley's supervised release and commit Stanley to the custody of the United States Bureau of Prisons for 8 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 4th day of August, 2020.

                                                  John Johnston
                                         United States Magistrate Judge