# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-11-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| NATHAN CHARLES STANLEY, | |
| Defendant. | |

## I.  Synopsis

Defendant Nathan Charles Stanley (Stanley) has been accused of violating the conditions of his supervised release.  Stanley admitted all of the alleged violations.  Stanley's supervised release should be revoked.  Stanley should be placed in custody for 7 months, with no supervised release to follow.

## II.  Status

Stanley pleaded guilty to Assault Resulting in Serious Bodily Injury on May 23, 2011.  (Doc. 27).  The Court sentenced Stanley to 71 months of custody, followed by 3 years of supervised release.  (Doc. 34).  Stanley's current term of supervised release began on January 6, 2021.  (Doc. 114 at 3).

**Petition**

The United States Probation Office filed an Amended Petition on February 2, 2021, requesting that the Court revoke Stanley's supervised release. (Doc. 114). The Amended Petition alleged that Stanley had violated the conditions of his supervised release: 1) by committing another crime; 2) by consuming alcohol on two separate occasions; 3) by failing to report for substance abuse treatment; 4) by failing to follow the instructions of his probation officer; and 5) by using methamphetamine.

**Initial appearance**

Stanley appeared before the undersigned for his initial appearance on February 9, 2021. Stanley was represented by counsel. Stanley stated that he had read the petition and that he understood the allegations. Stanley waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on February 9, 2012. Stanley admitted that he had violated the conditions of his supervised release: 1) by committing another crime; 2) by consuming alcohol on two separate occasions; 3) by failing to report for substance abuse treatment; 4) by failing to follow the

2

instructions of his probation officer; and 5) by using methamphetamine. The violations are serious and warrant revocation of Stanley's supervised release.

Stanley's violations are Grade C violations. Stanley's criminal history category is III. Stanley's underlying offenses are Class B and Class C felonies. Stanley could be incarcerated for up to 24 months. Stanley could be ordered to remain on supervised release for up to 7 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 5 to 11 months.

### III.  Analysis

Stanley's supervised release should be revoked. Stanley should be incarcerated for 7 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.  Conclusion

The Court informed Stanley that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Stanley of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Stanley that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Nathan Charles Stanley violated the conditions of his supervised
> release: by committing another crime; by consuming alcohol on two
> separate occasions; by failing to report for substance abuse treatment; by
> failing to follow the instructions of his probation officer; and by using
> methamphetamine.

The Court **RECOMMENDS:**

> That the District Court revoke Stanley's supervised release
> and commit Stanley to the custody of the United States Bureau of
> Prisons for 7 months, with no supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and

Recommendations within 14 days of their entry, as indicated on the Notice of

Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will

make a de novo determination regarding any portion of the Findings and

Recommendations to which objection is made.  The district court judge may accept,

reject, or modify, in whole or in part, the Findings and Recommendations.  Failure

to timely file written objections may bar a de novo determination by the district

court judge, and may waive the right to appear and allocute before a district court

judge.

DATED this 10th day of February, 2021.

John Johnston
United States Magistrate Judge